UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RODERICK L. BREMBY, COMMISSIONER,
CONNECTICUT DEPARTMENT OF
SOCIAL SERVICES,
    Plaintiff,

v.                                                      No. 3:15-cv-1397 (DJS)

THOMAS E. PRICE, M.D.,[1]
SECRETARY OF HEALTH AND
HUMAN SERVICES,
    Defendant.

## RULING ON MOTION TO DISMISS

The plaintiff, the Commissioner of the Connecticut Department of Social Services ("Commissioner"), initiated this action seeking review of a final decision of the defendant Secretary of the Department of Health and Human Services ("Secretary") pursuant to the Medicare Act, 42 U.S.C. § 405(g). Now pending before the Court is the Secretary's motion to dismiss for lack of subject matter jurisdiction. For the reasons stated below, the Secretary's motion to dismiss is granted.

## BACKGROUND

The final decision that is the subject of this action denied the Commissioner's request for Medicare coverage and payment for services provided to the Commissioner's subrogor, Ms. R, who is a Medicare beneficiary. In his Complaint, the Commissioner states that he is "contest[ing] the [Secretary's] decision that the administration of intramuscular Vitamin B-12 . . . injections did not qualify Ms. R for coverage under the Medicare home health benefit." (Doc. # 1, at 1,¶ 3).

---

[1] Thomas E. Price, M.D. is now the Secretary of Health and Human Services and is therefore substituted for Sylvia Mathews Burwell as a defendant pursuant to Fed. R. Civ. P. 25(d).

The defendant Secretary subsequently filed a motion requesting that the Court remand the matter for further administrative proceedings pursuant to the sixth sentence of 42 U.S.C. § 405(g), which provides in part that: "The court may, on motion of the [Secretary] made for good cause shown before the [Secretary] files the [Secretary's] answer, remand the case to the [Secretary] for further action by the [Secretary] . . . ." The Court found that the Secretary made a showing of good faith sufficient to satisfy the requirements of the statute based on his representation that he "believes that the MAC [Medicare Appeals Council] should have an opportunity to address Plaintiff's new arguments and consider whether it applied the appropriate standard when assessing Plaintiff's claim." (Doc. # 15-1, at 10). Accordingly, the Court granted the Secretary's motion and remanded the case for further administrative action.

In a status report filed on August 15, 2016, the Secretary stated that "[u]pon remand, the MAC reopened and revised their decision, granting Plaintiff's subrogor, Ms. R., coverage for the service requested in Plaintiff's Complaint." (Doc. # 27, at 2). The defendant went on to contend that because the revised MAC decision provided the plaintiff all the relief he sought, this action was now moot. The plaintiff Commissioner filed exceptions to the Secretary's status report, arguing that "[a]s it reads, the amended decision affords no guidance as to whether future intramuscular B-12 injections claims appealed by Plaintiff on behalf of its subrogors will be covered or denied," and disagreed that this action is moot. (Doc. # 28, at 3). The Court then directed the defendant to file a motion to dismiss based on his contention that this case is moot.

DISCUSSION

The Secretary filed his motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), which authorizes a motion asserting the defense of lack of subject matter jurisdiction. The Secretary

2

argues that the Court no longer has subject matter jurisdiction over this matter because the Commissioner's claim has become moot. "[I]n the usual case, if the basis for the claim has been rectified or if the plaintiff is no longer subject to the challenged conduct, the claim is moot." *Amador v. Andrews*, 655 F.3d 89, 99-100 (2d Cir. 2011). Mootness "is a condition that deprives the court of subject matter jurisdiction." *Fox v. Board of Trustees of the State University of New York*, 42 F.3d 135, 140 (2d Cir. 1994). "A moot action . . . must be dismissed, even if the case was live at the outset but later events rendered it moot . . . ." *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015) (internal quotation marks omitted).

The Secretary's motion is based on his contention that this case became moot when "the MAC issued a revised decision granting Ms. R coverage for the skilled nursing visits that involved the administration of intramuscular Vitamin B-12 injections." (Doc. # 31-1, at 2). In opposing the Secretary's motion, the Commissioner argues that even though he has now received payment for the services provided to Ms. R, "there is no indication that the Secretary has taken any action to correct the problem that caused the adverse original MAC decision." (Doc. # 32, at 7).

This action concerns services, and payment for those services, provided to Ms. R, who is the plaintiff Commissioner's subrogor. In his Complaint, the Commissioner claims that the Secretary's denial of Medicare coverage for intramuscular Vitamin B-12 injections received by Ms. R was not supported by substantial evidence, was based on errors of law, violated the Medicare statute, regulations and policy manual, and violated her Due Process Rights.

The Revised MAC Decision

The MAC issued its revised decision ("Revised Decision") on June 13, 2016. As noted by

the Commissioner, the Decision erroneously states that "[t]he appellant [i.e., the Commissioner] . . . obtained a voluntary remand from federal district court . . . ." (Doc. # 27-1, at 7). While that statement clearly is incorrect, this error does not affect the mootness issue.

In addition to Vitamin B-12 injections, the Revised Decision addresses other services for which Medicare coverage was denied in the initial MAC decision and for which Medicare coverage continued to be denied in the Revised Decision. These services include observation and assessment of various conditions and instruction on dietary management.

With regard to B-12 injections, and the Commissioner's contention regarding Medicare coverage of those injection, the revisions made by the MAC include the following language:

> The appellant asserts in the request for reopening that B-12 injections are a *per se* skilled nursing service and that such injections are medically reasonable and necessary for the treatment of a gastrectomy.
> As the appellant notes, the beneficiary's plans of care indicate that the beneficiary had a total gastrectomy in February 2005. Medicare covers Vitamin B-12 injections in limited circumstances, including following a gastrectomy.
> The medical documents in the record do not clearly indicate the purpose for giving the Vitamin B-12 injections, nor do most of the skilled nursing visit notes specifically reference the beneficiary's gastrectomy. However, because the beneficiary's plans of care reference that the beneficiary had a total gastrectomy in February 2005, the Council finds that the skilled nursing visits during which monthly Vitamin B-12 injections were furnished support Medicare coverage of skilled nursing visits on those limited dates of service.

(Doc. # 27-1, at 11) (citations omitted).

To the extent that the "basis for the [Commissioner's] claim" is considered to be the denial of Medicare coverage for intramuscular Vitamin B-12 injections received by Ms. R, the claim "has been rectified . . . [and, as a result] . . . is moot." *Amador*, 655 F.3d at 99-100. The

Commissioner argues, however, that his claim goes beyond the approval or denial of payment for services:

> This case is not a simple appeal of a denial of Medicare coverage. It is, rather, about the Secretary's apparent practice of requiring beneficiaries to meet some unknown additional standards to obtain coverage for administration of intramuscular injections, which should be covered as a *per se* skilled service.

(Doc. # 32, at 5). The Commissioner also contends that even if the case were otherwise considered moot, one or both of the "voluntary cessation doctrine" and the "capable of repetition, yet evading review" exception would preserve the Court's subject matter jurisdiction over this action.

### Mootness

"[T]he burden of showing mootness logically falls on a defendant . . . ." *Mhany Management, Inc. v. County of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016). The defendant Secretary relies on the Revised Decision to meet his burden of showing mootness. In opposing the motion to dismiss, the Commissioner argues that the Revised Decision is nothing more than "a case of the Secretary altering the outcome of the decision in an attempt to avoid judicial review of the policy issue raised by plaintiff." (Doc. # 32 at 7).

If the Revised Decision did nothing more than grant coverage for the skilled nursing visits that involved the administration of intramuscular Vitamin B-12 injections to Ms. R on the specific dates at issue, the Court might be inclined to agree with the Commissioner's characterization of the Revised Decision. The Court finds, however, that the Revised Decision did more than simply grant coverage for certain services. The Revised Decision includes language that in the Court's view affirms the position asserted in the Commissioner's Complaint:

"Medicare covers Vitamin B-12 injections . . . following a gastrectomy. . . . [B]ecause the beneficiary's plans of care reference that the beneficiary had a total gastrectomy in February 2005, . . . the skilled nursing visits during which monthly Vitamin B-12 injections were furnished support Medicare coverage . . . ." (Doc. # 27-1, at 11).

On the basis of the language from the Revised Decision quoted above, the Court finds that "the basis for the [Commissioner's] claim has been rectified . . . [and, as a result] . . . the claim is moot." *Amador*, 655 F.3d at 99-100. In light of the Revised Decision the Court does not see how the Secretary could in good faith deny coverage of skilled nursing visits during which prescribed Vitamin B-12 injections were given to an individual qualified for coverage of services under the Medicare home health benefit whose plan of care references that she had undergone a gastrectomy.[2]

Capable Of Repetition Yet Evading Review

The "capable of repetition, yet evading review" exception to the mootness doctrine "applies only in exceptional circumstances, where (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Kingdomware Technologies, Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016) (internal quotation marks omitted). The Court finds that neither of the two factors of this test is met in this case.

The Commissioner acknowledges that there "is no precise durational limitation" that

---

[2]This example presumes all necessary documentation (certifications, signatures, etc.) have been completed and submitted.

applies in cases such as this, but argues instead that the Secretary's ability to seek a remand to the agency in an appeal where his policy is challenged amounts to a "de facto durational limit because the Secretary controls the progression of the litigation." (Doc. # 32, at 11). The Commissioner's argument derives from his contention that the Revised Decision "provides coverage on the individual claim but otherwise leaves the improper standards at issue unreviewed and in place." (*Id.*). In the previous section of this ruling the Court discussed and rejected the argument that the Revised Decision did nothing more than reverse the decision denying coverage. Consistent with that view the Court finds that this case does not satisfy the durational limitation requirement of the "capable of repetition, yet evading review" exception.

The Court finds further that there is not a reasonable expectation that the same complaining party will be subject to the same action again. The Court has already expressed its view that the Secretary would be hard-pressed to issue a good faith denial should the circumstances present in this case reoccur. The Court will not presume that the Secretary would issue a future denial other than in good faith. For these reasons, the Court concludes that this is not one of the exceptional circumstances to which the "capable of repetition, yet evading review" exception applies.

Voluntary Cessation

The Commissioner also argues that mootness should be rejected in this instance on the basis of the "voluntary cessation" doctrine. A defendant claiming that its voluntary cessation of a challenged policy or practice moots a case bears the "formidable burden" of demonstrating that "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."

*Mhany*, 819 F.3d at 603 (internal quotation marks omitted).

According to the Commissioner, it is probable that the alleged violation will reoccur "because the revised decision did not dispense with the Secretary's apparent policy of employing unknown additional standards and left it unclear how the issue would be resolved in later cases." (Doc. # 32, at 9). Here again the Commissioner's argument is based upon his view that the Revised Decision in effect did nothing more than grant coverage for the skilled nursing visits in dispute in this case. As previously discussed, the Court is of the view that the Revised Decision clarifies that the Secretary will approve coverage of skilled nursing visits during which prescribed Vitamin B-12 injections are given to an individual whose plan of care references that she had undergone a gastrectomy and who is qualified for coverage of services under the Medicare home health benefit. Given that view the Court finds that there is no reasonable expectation that the violation alleged in the Complaint in this case will reoccur.

In opposing the Secretary's motion to dismiss, the Commissioner also suggests that "'suspicious timing and circumstances pervade' the Secretary's actions." (Doc. # 32, at 8) (quoting *Mhany*, 819 F.3d at 604). More specifically, the Commissioner contends that although he had "requested reopening of the MAC decision six weeks prior to expiration of the time to seek judicial review, the Secretary ignored the request until after the complaint had been filed." (*Id.* at 9). Attached to the Secretary's reply memorandum in support of the motion to dismiss is an affidavit from the Director for the Medicare Operations Division. In her affidavit, the Director attests to the fact that the MAC had already decided to reopen its decision, and had

already drafted a revised decision[3], at the time the Commissioner filed the Complaint in this action. "Affidavits submitted by an agency are accorded a presumption of good faith." *Carney v. U.S. Department of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) (internal quotation marks omitted). On the basis of this affidavit, the Court does not find that the timing of the Secretary's actions "arouses suspicion," as has been suggested by the Commissioner. (Doc. # 32, at 9).

Referring to "numerous appeals pending at the administrative law judge . . . and MAC levels for claims involving medically necessary Vitamin B-12 or other intramuscular injections administered by home health nurses," the Commissioner asserts that "there is no doubt that the plaintiff will face this problem again." (*Id.*). The gravamen of the Complaint in this action is that "[t]he final decision of the Secretary finding that Ms. R's intramuscular Vitamin B-12 injections were not a qualifying skilled nursing service under Medicare is not supported by substantial evidence, based on errors of law, and should be reversed." (Doc. # 1, at 9, ¶ 51). The Court has concluded that the Revised Decision "completely and irrevocably eradicated the effects of the alleged violation." and that "there is no reasonable expectation that the alleged violation will recur." *Mhany*, 819 F.3d at 603 (internal quotation marks omitted). The facts of other cases involving other subrogors of the Commissioner are not before the Court and may or may not mirror those relating to Ms. R.

In any case, the Court repeats its finding that the Revised Decision includes language affirming the position asserted in the Commissioner's Complaint: "Medicare covers Vitamin B-12 injections . . . following a gastrectomy. . . . [B]ecause the beneficiary's plans of care reference

---

[3]The affidavit goes on to state that the Revised Decision issued on June 13, 2016 was the same as the revision that the MAC had intended to issue before it learned of this action "except that the issued decision updated the procedural posture of the case." (Doc. #35-1, at 2, ¶ 6).

that the beneficiary had a total gastrectomy in February 2005, . . . the skilled nursing visits during which monthly Vitamin B-12 injections were furnished support Medicare coverage . . . ." (Doc. # 27-1, at 11). That same analysis and conclusion would apply equally to any other case presenting the same facts.

In support of his motion to dismiss, the Secretary states the following:

> The MAC indicated [in its Revised Decision] that it believed that the references to Ms. R's total gastrectomy in Ms. R's plans of care were sufficient to warrant coverage. As a result, as long as Ms. R's plans of care contain this language moving forward, there is no reason for Plaintiff to believe that Defendant will deny Ms. R's future requests for coverage. And similarly, as long as Plaintiff's future subrogors provide appropriate documentation, there is no basis for Plaintiff to believe that their claims for Medicare coverage will be denied.

(Doc. # 31-1, at 7). "Some deference must be afforded to the representations of a public authority that certain conduct has been discontinued." *American Freedom Defense Initiative v. Metropolitan Transportation Authority*, 109 F. Supp. 3d 626, 630 (S.D.N.Y. 2015). Although the Commissioner may have preferred a different articulation of his position, the Court takes the Secretary's representations in the Revised Decision and in his memorandum in support of his motion to dismiss at face value and fully expects the Secretary to proceed in good faith in accordance with those representations. Accordingly, the Court concludes that the Secretary has met his formidable burden under the voluntary cessation doctrine.

## CONCLUSION

For the reasons stated above, the defendant Secretary's motion to dismiss (**doc. # 31**) is **GRANTED**.

Because the Court lacks subject matter jurisdiction over this matter, the Clerk shall close this case.

SO ORDERED this    6th    day of March,  2017.

/s/ DJS
Dominic J. Squatrito
United States District Judge